UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-P185-H

JESS HENSLEY                                                                  PLAINTIFF

v.

KENTUCKY DEP'T OF CORRECTIONS, et al.                    DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Jess Hensley, *pro se*, seeks unspecified relief under 42 U.S.C. § 1983 on the ground that conditions of his confinement at the Kentucky State Reformatory constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Plaintiff sues the Kentucky Department of Corrections; its Commissioner, John Rees; Warden, Larry Chandler; and Deputy Warden, Clark Taylor. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint for failure to state a claim on which relief may be granted.

**I.**

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not

just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

Plaintiff alleges overcrowded conditions at the Kentucky State Reformatory constitute a flagrant violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Plaintiff complains specifically of double bunking; unsanitary showers and commodes; and excessively long lines at pill call, canteen, and chow hall.

Attached to the complaint are copies of his grievances.

Plaintiff fails to allege whether he seeks legal or equitable relief.

### III.

Congress enacted § 1983 to create a civil remedy for individuals who have suffered injury at the hands of government officials acting in violation of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983, itself, creates no substantive rights but, rather, affords a remedy to rights established elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Section 1983 states, "Every person who, under color of [law], subjects ... any [person] to the deprivation of any rights ... secured by the Constitution and laws, shall be liable to the party injured ... ." 42 U.S.C. § 1983.

The Eighth Amendment prohibits cruel and unusual punishments, meaning penal measures that involve the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison overcrowding itself does not violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). Rather, the Amendment prohibits conditions that deny the "minimal civilized measure of life's necessities." *Id*. at 347; *Hadix v. Johnson*, 367 F.3d 513 (6th Cir. 2004); *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985).

Although Plaintiff describes uncomfortable, even harsh, conditions at the Reformatory, none of the allegations fall within the ambit of conduct or conditions that run afoul of the Eighth Amendment. The complaint contains no allegations that he is deprived of the minimal measure of life's necessities. Because Plaintiff cannot under any set of facts alleged in the complaint state an Eighth Amendment claim, the Court will dismiss the complaint by separate order.

Dated:

cc:     Plaintiff, *pro se*

4412.007